```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| ISAAC MICHAEL ABERGEL,<br><br>                    Plaintiff,<br><br>           -against-<br><br>FUNDOMATE LLC, *et al.*,<br><br>                    Defendants. | 19-CV-5884 (CM)<br><br>ORDER OF DISMISSAL |

COLLEEN McMAHON, Chief United States District Judge:

Plaintiff, who is barred from filing any new action seeking *in forma pauperis* status without court permission, *see Abergel v. New York Lottery*, ECF 1:19-CV-6088 (CM) (S.D.N.Y. Aug. 5, 2019), filed this action against Defendants Fundomate LLC, Funders Cloud LLC, and Checkalt LLC, before the Court issued the August 5, 2019 bar order. He invokes the Court's federal question and diversity of citizenship jurisdiction, 28 U.S.C. §§ 1331, 1332. By order dated July 23, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis*. For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff, who is a Brooklyn resident, generally asserts that three California companies engaged in:

> Fraud, stealing my money salary and commission, violation of compensation agreement, violation of fair labor act, no pay, overtime hours, wrongful termination, aiding and abetting fraud by investors, bank fraud, social security fraud, identity theft, tax fraud, aiding and abetting fraud by partnerships, aiding and abetting corporate fraud, slavery, work discrimination aiding and abetting discrimination.

(ECF No. 1 at 5.) He does not provide any facts suggesting that he had any interactions with these three companies. But he does allege that the "CEOs" are from New York. (ECF No 1 at 3.)

Since June 18, 2019, Plaintiff has filed 43 cases, 22 of which have been dismissed for lack of subject matter jurisdiction or for failure to state a claim.[1] Because of this abuse of the

---

[1] The other 42 cases Plaintiff has filed are: *Abergel v. Bank of America*, No. 19-CV-6643 (UA) (filed July 16, 2019); *Abergel v. Santander Bank*, No. 19-CV-6535 (UA) (filed July 12, 2019); *Abergel v. Facebook, Inc.*, No. 19-CV-6474 (LLS) (closed July 22, 2019); *Abergel v. California*, No. 19-CV-6417 (CM) (filed July 9, 2019); *Abergel v. NewPort Pleasure*, No. 19-CV-6416 (LLS) (closed July 19, 2019); *Abergel v. Midwest Recovery Sys., LLC*, 19-CV-6145 (UA) (filed July 9, 2019); *Abergel v. Stig, Inc.*, No. 19-CV-6414 (LLS) (closed July 25, 2019); *Abergel v. California Franchise Tax Bd.*, No. 19-CV-6413 (LLS) (closed July 24, 2019); *Abergel v. Experian*, No. 19-CV-6412 (UA) (filed July 9, 2019); *Abergel v. Diversified Consultants, Inc.*, No. 19-CV-6411 (UA) (filed July 9, 2019); *Abergel v. Sprint Corp.*, No. 19-CV-6410 (LLS) (closed July 22, 2019); *Abergel v. Red Bull N. Am.*, No. 19-CV-6409 (LLS) (closed July 19, 2019); *Abergel v. New York*, No. 19-CV-6408 (CM) (filed July 9, 2019); *Abergel v. Rockstar, Inc.*, No. 19-CV-6407 (LLS) (closed July 19, 2019); *Abergel v. Apple, Inc.*, No. 19-CV-6406 (LLS) (closed July 26, 2019); *Abergel v. Monster Beverage Corp.*, No. 19-CV-6405 (LLS) (filed July 19, 2019); *Abergel v. Experian*, No. 19-CV-6404 (UA) (filed July 9, 2019); *Abergel v. TransUnion*, No. 19-CV-6403 (UA) (filed July 9, 2019); *Abergel v. Bolthouse Juice Prod., LLC*, No. 19-CV-6402 (LLS) (closed July 19, 2019); *Abergel v. Miamonides Hosp.*, No. 19-CV-6401 (CM) (filed July 17, 2019); *Abergel v. Equifax*, No. 19-CV-6400 (UA) (filed July 9, 2019); *Abergel v. New York*, No. 19-CV-6399 (UA) (filed July 9, 2019); *Abergel v. Verizon*, No. 19-CV-6398 (CM) (filed July 9, 2019); *Abergel v. Soc. Sec. Admin.*, No. 19-CV-6340 (LLS) (filed July 24, 2019); *Abergel v. Atlas Recovery Sober Living*, No. 19-CV-6339 (UA) (filed July 8, 2019); *Abergel v. Juul Labs, Inc.*, No. 19-CV-6337 (LLS) (closed July 19, 2019); *Abergel v. PAX Labs, Inc.*, No. 19-CV-6336 (LLS) (filed July 19, 2019); *Abergel v. Energy Beverages, LLC*, No. 19-

privilege of proceeding *in forma pauperis*, the Court barred Plaintiff from filing any new action *in forma pauperis*. *See Abergel v. New York Lottery*, ECF 1:19-CV-6088, 6.

**DISCUSSION**

Although *pro se* litigants enjoy the Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (per curiam), their pleadings must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* (citing *Twombly*, 550 U.S. at 555). But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

---

CV-6335 (LLS) (closed July 19, 2019); *Abergel v. Prof'l Claims Bureau*, No. 19-CV-6334 (CM) (closed July 17, 2019); *Abergel v. The Money Store*, No. 19-CV-6285 (UA) (filed July 2, 2019); *Abergel v. Yahoo! Inc.*, No. 19-CV-6281 (LLS) (closed July 22, 2019); *Abergel v. New York Lottery*, No. 19-CV-6088 (CM) (filed June 28, 2019); *Abergel v. Resorts World Casino*, No. 19-CV-6040 (CM) (closed July 8, 2019); *Abergel v. Midland Credit Mgmt, Inc.*, No. 19-CV-6039 (UA) (filed June 26, 2019); *Abergel v. Zip Recruiter*, No. 19-CV-5936 (LLS) (closed July 26, 2019); *Abergel v. Toyota Motor Sales, U.S.A., Inc.*, No. 19-CV-5883 (LLS) (closed July 19, 2019); *Abergel v. Dover Downs Hotel & Casino*, No. 19-CV-5765 (CM) (closed June 24, 2019); *Abergel v. Gracie Sq. Hosp.*, No. 19-CV-5689 (LLS) (closed July 15, 2019); *Abergel v. Janssen Pharm., Inc.*, No. 19-CV-5681 (LLS) (closed July 22, 2019); *Abergel v. New York State Gaming Commission*, No. 19-CV-5680 (LLS) (closed July 12, 2019); *Abergel v. Vital Pharm, Inc.*, No. 19-CV-5679 (LLS) (closed July 19, 2019); *Abergel v. Equifax*, No. 19-CV-5678 (LLS) (closed July 12, 2019).

*Id.* (internal citations, quotation marks, and alteration omitted). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible − not merely possible − that the pleader is entitled to relief. *Id.*

This complaint follows the same pattern as some of Plaintiff's other lawsuits; that is, he fails to allege any facts showing how the defendants engaged in the conduct he complains of – here being, fraud, discriminatory conduct, or adverse employment practices. Moreover, he does not state any facts suggesting that he and Defendants have any type of business relationship, that Defendants know who Plaintiff is, or that they had any interaction whatsoever.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: August 28, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge